Dina R. Richman (SBN 251088)
drichman@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Alicia M. Gurries (SBN 210225)
agurries@cozen.com
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel:  415.644.0914
Fax:  415.644.0978

Attorney for Defendant
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUNDRY LOS ANGELES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACE PROPERTY AND CASUALTY INSURANCE COMPANY; and DOES 1 TO 100, <br><br> Defendants. | Case No.: 2:22-cv-00301 <br><br> **ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Ace Property and Casualty Insurance Company ("ACE" or "Defendant") hereby removes Civil Action No. 21STCV21802 from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. The grounds for removal are as follows:

1. On June 11, 2021, the action styled *Los Angeles Laundry, Inc. et al. v. Ace Property and Casualty Insurance Company et al.,* Case No. 21STCV21802 was

1
NOTICE OF REMOVAL

LEGAL\55749890\1

filed in the Superior Court of the State of California, County of Los Angeles. Yaakov Levy and Nelson Zager were also named as Plaintiffs. True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet, and other documents served with the Complaint, are attached as **Exhibit A**.

2. On October 18, 2021, a First Amended Complaint was filed correctly identifying plaintiff as Laundry Los Angeles, Inc. in the action now styled as *Laundry Los Angeles, Inc. et al. v. Ace Property and Casualty Insurance Company et al.,* Case No. 21STCV21802. Yaakov Levy and Nelson Zager were removed as plaintiffs. Named as defendants were ACE, and Bill Holden, a California citizen. True and correct copy of the First Amended Complaint, and is attached as **Exhibit B**.

3. On November 19, 2021, Defendant responded to Plaintiff's First Amended Complaint by filing a Demurrer and Motion to Strike which was set to be heard before the State Court on January 31, 2022. True and correct copies of the Demurrer and Motion to Strike are attached as **Exhibit C**.

4. On January 3, 2022, Plaintiff filed a Notice of Dismissal with prejudice of defendant Bill Holden. The dismissal was entered on January 4, 2022. A true and correct copies of the Dismissal is attached as **Exhibit D**.

5. This Court has original jurisdiction of this action because it is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, under 28 U.S.C. §1332. Thus, removal is proper under 28 U.S.C. §§1441(a), (b) and 28 U.S.C §1446.

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it has been filed within thirty (30) days of the court's entry of dismissal of defendant, Bill Holden, from which it could have first been ascertained that the case is one which has become removable, and it is therefore timely made under 28 U.S.C. § 1446(b)(3).

///

7.  This action is properly removed to the United States District Court for the Central District of California because this matter was filed in the Superior Court of the State of California, County of Marin, which lies within this District and Division. *See*, 28 U.S.C. § 84(c)(2).

8.  In filing this Notice of Removal, ACE specifically reserve and do not waive any and all defenses they may have to the Plaintiff's First Amended Complaint, which ACE will timely assert under the applicable Federal Rules of Civil Procedure, including a Fed. Rule 12(b) motion to dismiss and Fed. Rule 12(f) motion to strike.

**PARTIES**

9.  Plaintiff Laundry Los Angeles, Inc. is a California corporation whose principle place of business is in Bell Gardens, Los Angeles County, California.

10. Defendant ACE Property and Casualty Insurance Company is a Pennsylvania citizen because it is a Pennsylvania corporation with its principal place of business at Philadelphia, Pennsylvania.

**JURISDICTION**

11. The United States District Court has subject matter jurisdiction and removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b), since this is a civil action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12. The actual amount in controversy exceeds $75,000.00, exclusive of interest and costs, for the following reasons. In this action for breach of contract, breach of the implied covenant of good faith and fair dealing ("bad faith"), breach of contract/breach of the covenant of good faith and fair dealing in contract and promissory fraud/deceit, Plaintiff alleges that: 1) ACE issued a business owner's insurance policy (the "Policy"); 2) Plaintiff suffered a loss; 3) ACE has an obligation

pursuant to the Policy to pay benefits for the alleged covered loss; and 4) ACE breached its contract of insurance and breached the implied covenant of good faith and fair dealing by allegedly delaying the investigation of the claiming failing to pay for allegedly covered damages, and 5) as a result of ACE's conduct, Plaintiff has suffered damages including "business losses, up to and above, $3,000,000 in business equipment damage, loss of income, and loss of personal property." First Amended Complaint, attached as **Exhibit B**, ¶ 12.

13. Plaintiff also seeks attorney's fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985), and punitive damages under Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing. *Id.* It has long been established that courts consider special damages, unspecified general damages, punitive damages, and attorney's fees when calculating the amount in controversy. *See*, *Richmond v. Allstate Insurance Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). *See also*, *Diaz v. Pennsylvania Life Ins. Co.*, 2018 WL 671161, at *1 (C.D. Cal. Jan. 31, 2018) (holding that plaintiff's $40,000.00 claim for special damages in combination with plaintiff's unspecified claim for general damages and punitive damages was enough for defendant to meet its burden of showing the amount in controversy exceeds $75,000.00). Defendant has met its burden of showing the amount in controversy exceeds $75,000.00 based on the damages pled in Plaintiffs' Complaint.

14. This Notice of Removal is filed within 30 days of the court's entry of dismissal of Bill Holden, and thus, is timely.

15. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon ACE are attached to this Notice as **Exhibit A, Exhibit B, Exhibit C and Exhibit D**. A copy of the docket of the state court action and all other process, pleadings and orders, are attached hereto as **Exhibit E**.

///

16. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this Notice of Removal to Plaintiff and, after filing this Notice of Removal, shall promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles.

17. For these reasons, Defendant hereby removes the action now pending in the Superior Court of the State of California, County of Los Angeles.

Dated: January 14, 2022

COZEN O'CONNOR

By: *Alicia M. Gurries*
Dina R. Richman
Alicia M. Gurries
Attorneys for Defendant
ACE PROPERTY AND CASUALTY INSURANCE COMPANY

LEGAL\55749890\1

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the city of San Francisco, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 101 Montgomery Street, Suite 1400, San Francisco, California.

On January 14, 2022, I served the following document(s):

**ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

on the following interested party(ies) in the matter:

| | |
|---|---|
| Gene J. Goldsman, Esq.<br>Law Offices of Gene J. Goldsman<br>501 Civic Center Drive West<br>Santa Ana, CA 92701-4059<br>Phone:	714 541-3333<br>Fax:	714-541-0456<br>Email: eservice@gjglaw.com | Attorney for Plaintiff<br>Laundry Los Angeles, Inc. |

☒ **E-Mail or Electronic Transmission** – Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **By United States Mail**. I caused the documents to be given to an office familiar with our business's practices to place the contents into an envelope addressed to the persons listed for processing and mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 14, 2022 at Alameda, California.

Sylvia Lee  
Name

*Sylvia Lee*  
Signature